JENNIE E. ADAMS, Respondent, v. THE QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY.

Kansas City Court of Appeals, January 30, 1893.

1. **Practice, Appellate:** ADMISSION: INSTRUCTIONS: ABSTRACT. The appellate courts will reverse where an instruction informs the jury that certain facts were admitted, but the abstract shows no such admission.

2. **Railroads:** KILLING STOCK: ENTERING TRACK: PRESENTING CASE. On a retrial the evidence should be presented with greater care so as to show whether the animal entered the track from the public road or not, as in the one case the defendant would be liable, in the other, not.

*Appeal from the Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

*F. M. Harrington*, for appellant.

The court erred when it told the jury that "it is admitted the animal got on the road where the railroad had no fence." Nor is there any admission that the colt was struck and killed by defendant not within switch limits, nor in any town or village. The record is barren of any such admissions, and it was error for the court to so instruct the jury. Instructions in all cases should be based on evidence, and not on facts of which there is no evidence. *Eli v. Tollman*, 14 Wis. 28; *Hill v. Canfield*, 56 Pa. St. 454; *Machine Co. v. Laymen*, 88 Ill. 29; *Adkins v. Nicholson*, 31 Mo. 488.

*John S. McCarty*, for respondent.

ELLISON, J.—This action was begun before a justice of the peace, and its object is to recover double damages for killing a colt belonging to the plaintiff. Plaintiff recovered before the justice and also on appeal before the circuit court. Defendant has brought the case here.

The plaintiff has filed no brief, and we are thus left to depend upon the brief and abstract which has been presented to us by the defendant. From such abstract it appears that after the close of plaintiff's case defendant demurred to the evidence; that such demurrer was overruled and that thereupon the defendant introduced testimony in its behalf; that at the close of the evidence the court gave instructions for plaintiff, only one appearing to have been offered by defendant, and that was refused.

Among the instructions for plaintiff, and of which defendant now complains, was the following: "It is admitted the defendant struck and killed the horse in controversy, and that it was not in switch limits nor in any city, town or village, and that at that point the road was not fenced." And also the following: "It is admitted the animal got on the road where the railroad had no fence." To the giving of which instructions defendant excepted. The abstract shows no admissions of any character from defendant. In the absence of anything to the contrary from respondent, we must assume (under our rules) appellant's abstract to be correct.

It might be fairly said that some portions of these admissions were so fully shown by the testimony of each side as to be harmless as incorporated in the instructions. For instance, that defendant's cars struck and killed the animal. But there are other admissions upon which the abstract of the record appears to be entirely silent. We must, therefore, reverse the judgment and remand the cause.

In view of the indefinite way in which the evidence has been preserved, it is proper to suggest that more care and precision ought to be used in presenting it at another trial. The word "crossing" is made to do service, without explanation, for the crossing of the wagon track, for the full width of the public road and for the full space between the fences. So a structure on one side of the road is called a bridge, a cattle-guard, a culvert and a trestle. Except from an expression of one witness, we are not able to say how wide the public road proper was at that point. The case is one, from the circumstances surrounding the accident, particularly the place, which requires some degree of definiteness of statement and precision of language.

It seems, as near as we can gather, that, at the place of the accident, there is a road crossing, and that at least one of the cattle-guards is further back than the line of the road, leaving a space between the cattle-guards wider than the space allotted for the public road. If the animal entered upon the track from the public road space the defendant is not liable. If it entered from the space outside of the public road defendant is liable. This issue ought easily to be presented in definite shape to the jury.

Reversed and remanded. All concur.